# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>    Plaintiff,<br><br>vs.<br><br>WILBUR ROSS et al.,<br><br>    Defendants. | No. C20-0119-LTS<br><br>**MEMORANDUM**<br>**OPINION and ORDER** |

This matter is before me pursuant to plaintiff Manetirony Clervrain's pro se 42 U.S.C. § 1983 complaint (Doc. 1-1) and motion (Doc. 1) to proceed in forma pauperis.

Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a plaintiff must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner-plaintiff must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff is currently incarcerated at the Moore Detention Center in Okmulgee, Oklahoma. Thus, he is required to file a certified prison trust fund statement along with his motion, which he failed to do. Normally, I would grant him thirty days to file an amended motion that complies with the rules set out above. However, plaintiff is prohibited from applying to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)

because he has filed at least three prior meritless cases before the federal courts.[1] *See Clervrain v. Coraway*, 786 F. App'x 1 (5th Cir. 2019) (unpublished), stating:

> Clervrain has not shown that the district court erred in dismissal of his claims. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937; *Geiger*, 404 F.3d at 373. Therefore, he has not established that he will present a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.
>
> The district court's dismissal of Clervrain's complaint for failure to state a claim upon which relief may be granted and this court's dismissal of the appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). In addition, Clervrain has accumulated at least one other strike. *See Clervrain v. Stone*, No. CV 318-028, 2018 WL 3939323, 1 (S.D. Ga. Aug. 16, 2018) (unpublished). Clervrain is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

*Id*. at 4. As such, plaintiff's motion to proceed in forma pauperis (Doc. 1) is **denied**. Plaintiff will be given thirty days from the date of this order to pay the full $402 filing fee.[2] If plaintiff does not pay the filing fee, this case will be dismissed with no further order of the court.

---

[1] That section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[2] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50. . .")

Finally, I note that plaintiff's complaint does not include a clear statement of the claim (*see* Fed. R. Civ. P. 8(a)(2)).  Additionally, it seems as though he is attempting to relitigate issues previously decided by other courts, including the fact that prior courts have found him to have three strikes pursuant to § 1915(g).  His case is likely barred by the doctrine of res judicata and would not survive review pursuant to 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A.  If plaintiff pays the filing fee and wishes to proceed with this case, he must file an amended complaint using the standard § 1983 form.[3]  If plaintiff does not file an amended complaint, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED** this 21st day of December, 2020.

_____
Leonard T. Strand, Chief Judge

---

[3] Plaintiff may request the standard form by writing the Clerk's office.